[871 NYS2d 631]

In the Matter of EDWIN E. DRAKES (Admitted as EDWIN EU-STACE DRAKES), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 13, 2009

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Alter & Barbaro*, Brooklyn (*B. Mitchell Alter* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee served the respondent with a petition dated December 19, 2006 containing eight charges of professional misconduct. After a preliminary conference on May 3, 2007, and hearings conducted on May 16, 2007, June 18, 2007 and December 27, 2007, Special Referee Vincent Pizzuto submitted a report dated April 9, 2008, in which he sustained all of the charges except for charge three. The Grievance Committee moves to confirm the Special Referee's report and to discipline the respondent as the Court deems appropriate under the circumstances. The respondent's counsel has submitted an affirmation in opposition in which he contends that charge one, in part, and charges five, seven, and eight should not have been sustained. He maintains that disbarment is not warranted, that the respondent has indicated that he is now conducting himself correctly, and that the four years for which he has already been suspended constitutes sufficient punishment.

Charge one alleges that the respondent improperly converted funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

The respondent was retained by Blanche Bennett in or about January 2004 to represent her in the sale of a house she owned in Brooklyn. At the conclusion of the closing on January 29, 2004, the respondent was entrusted with a check for $25,647.47

as Bennett's sale proceeds. On or about January 30, 2004, the respondent deposited that check into his attorney escrow account at JPMorgan Chase Bank. Although he failed to disburse those funds to Bennett, the balance in the respondent's escrow account fell to $6,582.17 by February 22, 2004.

Charge two alleges that the respondent, as a suspended attorney, engaged in the unauthorized practice of law by representing a client, Edward Phillips, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]).

By opinion and order of this Court dated March 1, 2004, the respondent was suspended from the practice of law for a period of two years, effective April 1, 2004, and was directed to desist and refrain from the practice of law in any form. He was personally served with that opinion and order on or about March 5, 2004.

In or about April 2004, the respondent agreed to represent Phillips in a refinancing transaction for a house he owned in New York County. The respondent failed to inform Phillips of his suspension.

On or about April 7, 2004, the respondent prepared a document in relation to the refinancing whereby Phillips agreed that all proceeds of the loan would be held by the respondent and disbursed by him exclusively. The respondent attended the April 7, 2004, closing and represented the legal interests of Phillips. He received a check in the amount of $396,560.46 as Phillips' proceeds from the refinancing and deposited that check into his attorney escrow account at JPMorgan Chase Bank on or about April 16, 2004.

Charge four alleges that the respondent, as a suspended attorney, engaged in the unauthorized practice of law by representing client Dorothy Tyler Smith during the period of his suspension, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]).

By letter to Smith dated January 5, 2005, the respondent agreed to complete an uncontested divorce he had been handling for her since 2003. The respondent failed to inform Smith of his suspension.

Charge five alleges that the respondent, as a suspended attorney, engaged in the unauthorized practice of law by representing client Hanifah Hasan during the period of his suspension, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]).

In or about January 2005, the respondent agreed to represent Hasan in a landlord/tenant matter involving a tenant renting an apartment in a house that she owned. The respondent failed to inform Hasan of his suspension.

Charge six alleges that the respondent, after being suspended from the practice of law, improperly continued to use his attorney escrow account, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

Between April 1, 2004, the effective date of his suspension, and December 31, 2004, the respondent continued to use his JP-Morgan Chase Bank escrow account. During that interval, he made 31 deposits into, and drew 44 checks against, that account. In addition, 23 miscellaneous disbursements and debits were made against the respondent's attorney escrow account. During that time, the account balance fluctuated between $476,157.72 and $40.85.

Charge seven alleges that the respondent made materially false statements on an application to renew his real estate broker license, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

On or about March 2, 2005, the respondent completed an application to renew his real estate broker license, which he obtained on behalf of Brooklyns Best Realty Corporation, a business that he incorporated in December 2002. On that application, the respondent falsely answered "no" to question one of part A, which asked whether he has, since his last renewal, had any license revoked, suspended, or denied by a governmental jurisdiction.

The respondent also falsely responded to question two of part A, regarding whether he was exempt from the continuing education requirement because he is currently a member of the New York State bar. The respondent falsely affirmed that all statements in his application were true and correct and submitted it to the New York State Department of State, Division of Licensing Services. The application was received on March 11, 2005.

Charge eight alleges that the respondent failed to comply with lawful orders of the United States Bankruptcy Court for the Eastern District of New York, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By order dated January 24, 2005, the Honorable Carla E. Craig of the United States Bankruptcy Court for the Eastern

District of New York directed the respondent to immediately refund to the debtor, Charles Banks, all legal fees paid to him in light of the respondent's failure to provide appropriate representation in Banks's bankruptcy matter. The respondent failed to do so.

By order dated February 24, 2005, Judge Craig found the respondent in contempt of court and ordered him to immediately pay a fine in the amount of $1,000 and to appear before her on March 9, 2005, to determine what further sanctions should be imposed. The respondent failed to comply.

By order dated April 4, 2005, Judge Craig again directed the respondent to comply with her earlier orders and to pay an additional fine in the sum of $500. Judge Craig also directed the respondent to file, within 10 days, an affidavit that he paid all these amounts. The respondent failed to pay the fines or file an affidavit to that effect.

Based on the evidence adduced, the Special Referee properly sustained charges one, two, four, five, six, seven, and eight. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent submits that the period of $4^{1}/_{2}$ years for which he has already been suspended constitutes sufficient punishment. He maintains that he is now conducting himself correctly and "[d]isbarment is not appropriate under the circumstances."

In view of his extensive disciplinary history in addition to his suspension—four letters of caution and two admonitions—and the extensive and continuing nature of his misconduct, the respondent is disbarred.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Edwin E. Drakes, admitted as Edwin Eustace Drakes, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Edwin E. Drakes, admitted as Edwin Eustace Drakes, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, Edwin E. Drakes, admitted as Edwin Eustace Drakes, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Edwin E. Drakes, admitted as Edwin Eustace Drakes, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).