[880 NYS2d 104]

# In the Matter of JAN ALEX DASH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 19, 2009

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated July 17, 2007 containing seven charges of professional misconduct. After a preliminary conference on October 21, 2007, and a hearing on January 7, 2008 and April 2, 2008, the Special Referee sustained all charges except for a portion of charge three. The Grievance Committee moves to confirm the Special Referee's report to the extent that it sustained the charges, to disaffirm the report to the extent that it did not sustain a portion of charge three, and to impose such discipline upon the respondent as the Court deems appropriate. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

Charge one alleges that the respondent commingled funds entrusted to him as a fiduciary, incident to his practice of law, with personal funds, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

Between approximately April 1, 2004 and October 31, 2005, the respondent maintained an IOLA account at Commerce Bank entitled "Law Office of Jan Alex Dash—Attorney Trust Account." During that time, he also maintained an IOLA account at Bank of New York entitled "Jan Dash—IOLA account." Funds entrusted to the respondent as a fiduciary, incident to his practice of law, were deposited into those accounts. The respondent also deposited personal funds into those accounts and allowed earned legal fees to remain on deposit there. In addition, the respondent drew checks for personal expenses on those IOLA accounts.

Charge two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

Between approximately April 2004 and May 2004, the respondent deposited funds into his Bank of New York IOLA account in connection with a real estate transaction referenced Charles to Lang/234 Realty Corp. On or about May 4, 2004, the respondent disbursed $2,000 to Edwin Drakes, a suspended attorney, as and for a purported broker's commission in connection with the aforesaid transaction. No brokerage agreement was ever signed by the clients. The respondent's closing statement falsely stated that the funds were paid to him rather than to Drakes.

Charge three alleges that the respondent engaged in conduct that adversely reflected on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On or about November 19, 2004, the respondent deposited funds into his Commerce Bank IOLA account in connection with a real estate transaction referenced Campbell to Youn. On or about November 24, 2004, the respondent disbursed $5,000 to Drakes, a suspended attorney, as and for a purported broker's commission in connection with the Campbell to Youn transaction. No brokerage agreement was ever signed. The respondent failed to prepare and/or produce any closing statement disclosing that said funds were paid to Drakes.

Charge four alleges that the respondent improperly disbursed escrow funds to a suspended attorney, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

Following the suspension of Drakes on April 1, 2004, the respondent appeared as attorney on behalf of Drakes's client, Elise Dean, in connection with a surplus money proceeding. On or about July 6, 2004, the respondent received $12,051.09 on behalf of Dean and deposited said funds into his Commerce Bank IOLA account. On or about July 8, 2004, the respondent turned all of the funds over to Drakes.

Charge five alleges that the respondent engaged in an impermissible conflict of interest, in violation of Code of Professional Responsibility DR 5-101 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.20 [a]; 1200.3 [a] [7]).

Following the suspension of Drakes, the respondent appeared as attorney on behalf of Drakes's client, Rodney Stanley, in connection with various legal matters, including the sale of Stanley's house in Brooklyn. The respondent, as principal of Platinum Key Properties, simultaneously entered into a real estate

brokerage agreement with Stanley without making full disclosure to the client of the respondent's personal, financial, and/or business interests as principal of Platinum Key Properties.

Charge six alleges that the respondent improperly disbursed funds held by him as a fiduciary, incident to his practice of law, without his client's authorization, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (4) and (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [4], [7]).

On or about March 22, 2005, the respondent appeared as attorney on behalf of Stanley in connection with the closing on his house. At the closing, Drakes acted as attorney on behalf of Stanley in connection with the closing. After the closing, the respondent acted as attorney-in-fact for Estelle Banks-Stanley, Stanley's spouse.

On or about March 23, 2005, the respondent deposited closing proceeds totaling $15,214.56 into his Commerce Bank IOLA account. This sum included a $5,000 down payment check drawn to Drakes as attorney, after the effective date of his suspension from practice.

On or about March 28, 2005, the respondent withdrew $2,282 to his own order for legal fees in connection with the Stanley matter. The respondent failed to obtain authorization from Stanley prior to withdrawing those fees.

On or about April 29, 2005, the respondent deposited surplus proceeds of $672.08 into his Bank of New York IOLA account on behalf of Stanley. On or about May 5, 2005, he disbursed $150 of the surplus proceeds to Drakes without Stanley's authorization.

Charge seven alleges that the respondent failed to produce required bookkeeping records, in violation of Code of Professional Responsibility DR 9-102 (d) and DR 1-102 (a) (5) and (7) (22 NYCRR 1200.46 [d]; 1200.3 [a] [5], [7]).

Following the suspension of Drakes, the respondent appeared as attorney on behalf of Drakes' client, Hanifah Hasan, in connection with an eviction proceeding. Notwithstanding the Grievance Committee's request, the respondent failed to produce copies of bills for service of process, a copy of any checks for the purchase of an index number, and copies of bills from and/or checks to Marshal Ronald Pazant for a warrant of eviction relative to the Hasan eviction proceeding.

Based on the evidence adduced, the Special Referee properly sustained charges one, two, four, five, six, and seven in their en-

tirety and that portion of charge three that alleged a violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Accordingly, the Grievance Committee's motion is granted, with the exception of that branch of the motion which was to disaffirm the report to the extent that it did not sustain a portion of charge three.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent was issued a letter of caution dated June 29, 2004 for engaging in an impermissible conflict of interest and failing to adequately protect his client's interests. The Grievance Committee further submits that the fact that the respondent's witnesses contradicted his verified answer as well as statements he made under oath at the Grievance Committee's offices and before the Special Referee warrants a finding that the respondent lacks candor.

Although he did not offer any evidence to support mitigation in reply to the Grievance Committee's motion, the respondent previously contended, in his proposed findings, that he cooperated completely with the Grievance Committee's investigation and readily admitted his inadvertent professional misconduct, which he attributed primarily to inexperience. The respondent has submitted letters from numerous professional and business colleagues, as well as former law school classmates, attesting to his integrity.

In view of the respondent's prior disciplinary history, which involved misconduct similar, in part, to that involved in the disciplinary proceeding, and his attempts to disguise the true nature of his involvement with an attorney who was suspended at the time, a lengthy suspension is warranted. Edwin E. Drakes, the formerly-suspended attorney to whom the respondent paid fees, was disbarred by opinion and order of this Court dated January 13, 2009 (60 AD3d 153 [2009]).

In view of the serious misjudgment displayed by the respondent, he is suspended for a period of five years.

Prudenti, P.J., Mastro, Rivera, Spolzino and Miller, JJ., concur.

Ordered that the branch of the Grievance Committee's motion which was to disaffirm the Special Referee's report to the extent that it did not sustain a portion of charge three is denied, and the motion is otherwise granted; and it is further,

Ordered that the respondent, Jan Alex Dash, is suspended from the practice of law for a period of five years, commencing

June 22, 2009, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period, upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jan Alex Dash, shall desist and refrain from (1) practicing law in any form, either as principal, or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).